# EXHIBIT B
## (Part 1 of 2)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROCK LESNAR, | CIVIL ACTION NO.: |
| Plaintiff, | 3:05 CV 221 (CFD) |
| V. | |
| WORLD WRESTLING ENTERTAINMENT, INC., | |
| Defendant. | |

### PLAINTIFF'S RESPONSE TO
### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Plaintiff objects to defendant's definitions and instructions on the ground and to the extent that they attempt to impose burdens beyond those imposed by the Federal Rules of Civil Procedure. In responding to these discovery requests, plaintiff has attempted to give undefined words their usual, commonly understood meanings.

Plaintiff reserves the right, but does not assume any duty beyond that imposed by the Federal Rules of Civil Procedure, to amend the following responses if and when new or more accurate or complete information becomes available or is otherwise discovered. Furthermore, plaintiff makes these answers without prejudice to his right to rely at trial on subsequently discovered information, information inadvertently omitted as a result of mistake, error, oversight, or information intentionally withheld under a good faith interpretation of the governing rules. Plaintiff does not waive the foregoing objections and reservation of rights by providing responses to individual discovery requests or by raising additional objections to individual



- 2 -

discovery requests. Rather, this Preliminary Statement and all objections and reservations set forth herein are hereby incorporated by reference in each response set forth below.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:   All documents concerning the Settlement Agreement.

RESPONSE:  Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning the Settlement Agreement" is subject to multiple definitions and interpretations.  Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order.  In addition, plaintiff objects to this request on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.  Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced.  Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

REQUEST NO. 2:   All documents concerning any communication concerning the Settlement Agreement with any person, including, but not limited to, any attorney, agent, representative or other advisor.

RESPONSE:  Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any

- 3 -

communication concerning the Settlement Agreement" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

REQUEST NO. 3:   All documents concerning any communication with any Professional Football team, including, but not limited to, communication concerning tryouts, contract offers, and prospective contract offers.

RESPONSE:   Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Professional Football team" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion

-4-

for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that it is overly broad and unduly burdensome in that it purports to request, without limitation, all documents which "concern" "any" communication with "any" professional football team, regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

**REQUEST NO. 4:** All documents concerning any communication with WWE about the possibility of your returning to WWE.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with WWE about the possibility of your returning to WWE" is subject to multiple definitions and interpretations. Plaintiff further objects to this request on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

**REQUEST NO. 5:** All documents concerning New Japan Pro Wrestling.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning New Japan Pro Wrestling" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning" New Japan Pro Wrestling, regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

**REQUEST NO. 6:** All documents concerning any communication with New Japan Pro Wrestling or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with New Japan Pro Wrestling.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with New Japan Pro Wrestling" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion

for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that it is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with New Japan Pro Wrestling, regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

**REQUEST NO. 7:** All documents concerning any communication with New Japan Pro Wrestling or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with New Japan Pro Wrestling.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with New Japan Pro Wrestling" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that it is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any

communication" with New Japan Pro Wrestling, regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

**REQUEST NO. 8:** All documents concerning any communication with any Professional Wrestling Organization or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Professional Wrestling Organization.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Professional Wrestling Organization" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with "any Professional Wrestling Organization," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be

responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

**REQUEST NO. 9:** All documents concerning any communication with any Professional Wrestling Organization or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Professional Wrestling Organization.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Professional Wrestling Organization" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with "any Professional Wrestling Organization," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

**REQUEST NO. 10:** All documents concerning any communication with any Ultimate Fighting Organization or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Ultimate Fighting Organization.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Ultimate Fighting Organization" is subject to multiple definitions and interpretations. Specifically, and without limiting the foregoing objection, defendant's Instructions define "Ultimate Fighting Organization" in a circular fashion only as an organization "involved in . . . ultimate fighting." Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with "any Ultimate Fighting Organization," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

**REQUEST NO. 11:** All documents concerning any communication with any Ultimate Fighting Organization or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Ultimate Fighting Organization.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Ultimate Fighting Organization" is subject to multiple definitions and interpretations. Specifically, and without limiting the foregoing objection, defendant's Instructions define "Ultimate Fighting Organization" in a circular fashion only as an organization "involved in . . . ultimate fighting." Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with "any Ultimate Fighting Organization," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

**REQUEST NO. 12:** All documents concerning any communication with any Shoot Fighting Organization or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Shoot Fighting Organization.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Shoot Fighting Organization" is subject to multiple definitions and interpretations. Specifically, and without limiting the foregoing objection, defendant's

Instructions define "Shoot Fighting Organization" in a circular fashion only as an organization "involved in . . . shoot fighting." Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with "any Shoot Fighting Organization," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

**REQUEST NO. 13:** All documents concerning any communication with any Shoot Fighting Organization or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Shoot Fighting Organization.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Shoot Fighting Organization" is subject to multiple definitions and interpretations. Specifically, and without limiting the foregoing objection, defendant's Instructions define "Shoot Fighting Organization" in a circular fashion only as an organization

"involved in . . . shoot fighting." Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with "any Shoot Fighting Organization," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

**REQUEST NO. 14:** All documents concerning any communication with any Sports Entertainment Organization or anyone acting on its behalf on or before March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Sports Entertainment Organization.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Sports Entertainment Organization" is subject to multiple definitions and interpretations. Specifically, and without limiting the foregoing objection, defendant's Instructions define "Sports Entertainment Organization" in a circular fashion only as an organization "involved in . . . sports entertainment." Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues