# EXHIBIT B
# (Part 2 of 2)

raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with "any Sports Entertainment Organization," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

**REQUEST NO. 15:** All documents concerning any communication with any Sports Entertainment Organization or anyone acting on its behalf after March 15, 2004, including, but not limited to, all documents concerning any discussions or negotiations with any Sports Entertainment Organization.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication with any Sports Entertainment Organization" is subject to multiple definitions and interpretations. Specifically, and without limiting the foregoing objection, defendant's Instructions define "Sports Entertainment Organization" in a circular fashion only as an organization "involved in . . . sports entertainment." Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues

raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" with "any Sports Entertainment Organization," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

**REQUEST NO. 16:** All documents concerning any communication concerning your trip to Japan and attendance at the New Japan Pro Wrestling event at the Tokyo Dome on or about January 4, 2005, including, but not limited to, any communication concerning any forms, contracts or releases signed by you or anyone acting on your behalf and any communication concerning how your expenses for the trip, such as airfare, hotel accommodations, meals, and transportation, including, but not limited to, limousine service, were paid for or reimbursed.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication concerning your trip to Japan and attendance at the New Japan Pro Wrestling event at the Tokyo Dome on or about January 4, 2005" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning

any communication" "concerning your trip to Japan and attendance at the New Japan Pro Wrestling event at the Tokyo Dome on or about January 4, 2005," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

**REQUEST NO. 17:** All documents concerning your trip to Japan and attendance at the New Japan Pro Wrestling event at the Tokyo Dome on or about January 4, 2005, including, but not limited to, any forms, contracts, releases, or other documents signed by you or anyone acting on your behalf and any receipts, invoices or other documents concerning how your expenses for the trip, such as airfare, hotel accommodations, meals, and transportation, including, but not limited to, limousine service, were paid for or reimbursed.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication concerning your trip to Japan and attendance at the New Japan Pro Wrestling event at the Tokyo Dome on or about January 4, 2005" is subject to multiple definitions and interpretations. Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" "concerning your trip to Japan and attendance at the New Japan Pro Wrestling event at the Tokyo Dome on or about January 4, 2005," regardless of subject matter,

and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

REQUEST NO. 18: All documents concerning all of your income from June 9, 2000 to the present.

RESPONSE: Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning all of your income" is subject to multiple definitions and interpretations. Plaintiff further objects to this request on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

REQUEST NO. 19: All documents concerning tax returns, required financial filings and other financial statements of you and/or any corporation, partnership or other entity owned in whole or in part by you, including, but not limited to, Brock Lock, LLC, from June 9, 2000 to the present.

RESPONSE: Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning tax returns, required financial filings and other financial statements of you and/or any corporation, partnership or other entity owned in whole or in part by you, including, but not limited to, Brock Lock, LLC" is subject to multiple definitions and interpretations. Plaintiff further objects to this request on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges. Subject to and without

waiving the foregoing objections, non-privileged documents responsive to this request, to the extent they exist and can be located, will be produced. Documents which may be responsive to this request, but which are being withheld from discovery under a claim of privilege, are identified on the Privilege Log attached hereto as Exhibit A.

**REQUEST NO. 20:** All documents concerning any communication concerning your providing services for or receiving payment from any person, including, but not limited to, New Japan Pro Wrestling, any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR. ESPN, any television network, and/or any video game producer or designer, from January 1, 2004 to the present.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication concerning your providing services for or receiving payment from any person, including, but not limited to, New Japan Pro Wrestling, any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR. ESPN, any television network, and/or any video game producer or designer" is subject to multiple definitions and interpretations. Specifically, and without limiting the foregoing objection, defendant's Instructions define "Ultimate Fighting Organization," "Shoot Fighting Organization," and "Sports Entertainment Organization," respectively, in a circular fashion only as an organizations "involved in . . . ultimate fighting . . . shoot fighting . . . [and] sports entertainment." Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in

plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" "concerning your providing services for or receiving payment from any person, including, but not limited to, New Japan Pro Wrestling, any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR. ESPN, any television network, and/or any video game producer or designer," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

**REQUEST NO. 21:** All documents concerning your providing services for or receiving payment from any person, including, but not limited to, New Japan Pro Wrestling, any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR, ESPN, any television network, and/or any video game producer or designer, from January 1, 2004 to the present.

**RESPONSE:** Plaintiff objects to this request on the ground that it is vague, ambiguous and not susceptible to a meaningful response, in that the phrase "documents concerning any communication concerning your providing services for or receiving payment from any person, including, but not limited to, New Japan Pro Wrestling, any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR. ESPN, any television network, and/or any video game producer or designer" is subject to multiple definitions and interpretations. Specifically, and without limiting the foregoing objection, defendant's Instructions define "Ultimate Fighting Organization,"

"Shoot Fighting Organization," and "Sports Entertainment Organization," respectively, in a circular fashion only as an organizations "involved in . . . ultimate fighting . . . shoot fighting . . . [and] sports entertainment." Plaintiff further objects pursuant to Fed. R. Civ. P. 26(b)(1) on the grounds that this request seeks the production of documents that are not relevant to the claim or defense of any party and which are not reasonably calculated to lead to the discovery of admissible evidence, and on the ground that this request goes beyond the issues raised in plaintiff's Motion for Summary Judgment and is therefore contrary to the Court's June 17, 2005, Order. In addition, plaintiff objects to this request on the ground that the request is overly broad and unduly burdensome in that it purports to request, without limitation, all documents "concerning any communication" "concerning your providing services for or receiving payment from any person, including, but not limited to, New Japan Pro Wrestling, any Professional Wrestling Organization, Ultimate Fighting Organization, Shoot Fighting Organization, or Sports Entertainment Organization, NASCAR. ESPN, any television network, and/or any video game producer or designer," regardless of subject matter, and on the ground and to the extent it seeks discovery of documents which are shielded from discovery by the attorney client and/or attorney work product privileges.

Dated: August 18, 2005

THE PLAINTIFF

By: /s/ Scott S. Centrella
Scott S. Centrella
One Atlantic Street
Stamford, CT 06901-2402
Tel: 203-358-0800
Fax: 203-348-2321
E-mail: scentrella@dmoc.com
Fed Bar No. ct05809

David Bradley Olsen, #197944
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, Minnesota 55402
Tel: 612-339-2500
E-mail: dolsen@hensonefron.com

*Attorneys for the Plaintiff, Brock Lesnar*

258143.DOC

- 20 -

## CERTIFICATION

This is to certify that a true copy of the foregoing has been mailed via Federal Express to all counsel and pro se parties of record:

Daniel L. Schwartz, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901
Phone: 203-977-7536
Fax:    203-977-7301

Jerry S. McDevitt, Esq.
Mark D. Feczko, Esq.
Christopher Michalski, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
535 Smithfield Street
Pittsburgh, PA 15222
Phone: 412-355-6500
Fax:    412-355-6501

Dated: August 18 2005
       Stamford, CT

Scott S. Centrella/ct05809

## EXHIBIT A
## PLAINTIFF'S PRIVILEGE LOG

| DATE | DOC. TYPE | AUTHOR | ADDRESSEE | DOC. REQUEST NO.[1] | DESCRIPTION AND PRIVILEGE CLAIMED |
|---|---|---|---|---|---|
| 4/15/04 | Letter L5011-5015 | David Bradley Olsen, Esq. | Brock Lesnar c/o Phoenix Airport Marriott by facsimile | 1, 2 | 5-page, typewritten letter to Lesnar from Olsen re WWE's proposed Settlement Agreement and Release of All Claims: Attorney Client and Work Product (document never received by Lesnar) |
| 7/12/04 | Letter L5010 | David Bradley Olsen, Esq. | Brock Lesnar | 1, 2 | 1 page, typewritten letter to Lesnar from Olsen enclosing copy of 4/15/04 letter (L5011-5015) re WWE's Proposed Settlement Agreement and Release of All Claims: Attorney Client and Work Product |
| 7/26/05 | Draft Letter L5016-5021 | David Bradley Olsen, Esq. | Brock Lesnar | 4 | 6-page, typewritten draft letter to Kaufman from Olsen with facsimile coversheet to Lesnar re WWE's July 21, 2005, proposed Settlement Agreement and Mutual Release and Booking Contract and Loan Out Agreement; Document is stamped "DRAFT FOR CLIENT REVIEW ONLY" and "ATTORNEY CLIENT PRIVILEGE": Attorney Client and Work Product (no final version of draft was created) |

260351.doc

---

[1] This includes an identification of all document requests to which the referenced documents may arguably be responsive, and is made subject to all of Plaintiff's preliminary and general objections, and to all of the objections stated in response to each referenced document request. By designating document requests to which referenced documents may arguably be responsive, Plaintiff does not concede that any such documents are in fact responsive to any particular request, nor does Plaintiff waive any applicable objections to production.

H:\LIT\SSC\23026.Privilege Log.DOC