# EXHIBIT I

Westlaw.

Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 23009047 (S.D.Ind.)
**(Cite as: 2003 WL 23009047 (S.D.Ind.))**

C

Only the Westlaw citation is currently available.

United States District Court,
S.D. Indiana, Indianapolis Division.
COOK INCORPORATED, Plaintiff,
v.
C R BARD INC, Angiomed GmbH & Co,
Defendants.
**No. IP 00-1791-C(B/S).**

Sept. 18, 2003.

Lawrence A Steward, Brinks Hofer Gilson & Lione,
Indianapolis, IN, for Plaintiff.

Robert Unikel, Schiff Hardin & Waite, Chicago, IL,
for Plaintiff.

*ENTRY ON OBJECTIONS TO MAGISTRATE
JUDGE'S DENIAL OF MOTION FOR
PROTECTIVE ORDER*

BARKER, J.

**\*1** This cause is before the Court on plaintiff Cook
Incorporated's ("Cook") Objections to Magistrate
Judge's Denial of Motion for Protective Order which
was filed pursuant to Federal Rule of Civil Procedure
72(a). Cook's objection is fully briefed, and the
Court, being duly advised, OVERRULES the
objection for the following reasons.

At issue is the Magistrate Judge's ruling permitting
defendant C.R. Bard, Inc. ("Bard") to take the
deposition of Richard J. Godlewski, a patent attorney
employed in-house by Cook. Our review of a
discovery-related ruling by the Magistrate Judge is
governed by Rule 72(a), which provides: "The
district judge to whom the case is assigned shall
consider such objections and shall modify or set aside
any portion of the magistrate judge's order found to
be clearly erroneous or contrary to law." Fed.R.Civ.P.
72(a); see also 28 U.S.C. § 636(b)(1). "The clear
error standard means that the district court can
overturn the magistrate judge's ruling only if the
district court is left with the definite and firm
conviction that a mistake has been made." Weeks v.
Samsung Heavy Industries Co., Ltd., 126 F.3d 926,
943 (7th Cir.1997).

Cook argues that the Magistrate Judge's ruling is
clearly erroneous and contrary to law because the
Magistrate Judge failed to follow the standard set
forth in Shelton v. American Motors Corp., 805 F.2d
1323 (8th Cir.1986) and its progeny, which imposes
upon a party seeking to depose opposing counsel the
burden of first demonstrating that "(1) no other
means exist to obtain the information than to depose
opposing counsel ...; (2) the information sought is
relevant and nonprivileged; and (3) the information is
crucial to the preparation of the case." Id. at 1327.
Cook argues at length-correctly, in the Court's
estimation-that Bard failed to satisfy the burden
imposed upon would-be deponents by Shelton.
However, Cook is incorrect in denying its motion
for protective order the Magistrate Judge "misapplied
the Shelton test." Cook's Brief at 2. In fact, the
Magistrate Judge did not apply the Shelton test at all,
but rather implicitly rejected the holding of Shelton
altogether. Therefore, the threshold issue before the
Court is whether it was error for the Magistrate Judge
to reject the Shelton standard. The Court finds that it
was not.

The rule established in Shelton "was intended to
protect against the ills of deposing opposing counsel
in a pending case which could potentially lead to the
disclosure of the attorney's litigation strategy."
Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726,
730 (8th Cir.2002). [FN1] The Eighth Circuit
determined that "this abuse of the discovery process
had become an ever increasing practice," and
therefore "erected the Shelton test as a barrier to
protect trial counsel from these depositions." Id.
Unlike the Shelton court, this court has not found that
deposing opposing counsel has become a common
practice; there is certainly no indication that it has
become enough of a problem in cases before this
court that a special rule is necessary to deal with it.
Rather, the Court believes that the sanctions
provisions available under the Federal Rules of Civil
Procedure and 28 U.S.C. § 1927 generally are
sufficient to prevent the type of discovery abuses
with which the Shelton court was concerned. Given
the availability of sanctions, the Court agrees with the
Magistrate Judge that the desirability of placing
concrete objections before the Court for resolution,
rather than asking the Court to resolve abstract
privilege and relevancy arguments, outweighs the
need to protect attorneys from the risk of sitting
through frivolous depositions. See Magistrate Judge's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Entry at 1-2 ("[T]he burden of convening a deposition, even if virtually every question is met with a privilege objection, is simply not so great as to justify a prior restraint on the deposition ...."); *accord qad inc v. ALN Associates, Inc.*, 132 F.R.D. 492 (N.D.Ill.1990) ("[T]his Court subscribes wholeheartedly to a procedure that rejects any prior restraint in favor of permitting the deposition to go forward, with any individualized objections to be dealt with during its regular course."). Therefore, the Court finds that it was not error for the Magistrate Judge to decline to follow *Shelton* and permit the deposition of Mr. Godlewski to proceed.

> FN1. The Court notes that it is not clear whether the Eighth Circuit itself would apply *Shelton* in this case, inasmuch as it has held that the *Shelton* rule applies to depositions of counsel in a particular case regarding his or her knowledge about that case; it does not apply to depositions regarding an attorney's knowledge of other matters, such as previous litigation involving the same client. *Pamida, Inc.*, 281 F.3d at 730. In this case, it appears that Bard wishes to depose Mr. Godlewski regarding his prosecution of patents other than the one at issue in this case; further, the extent of Mr. Godlewski's role as counsel for Cook in this litigation is not entirely clear to the Court. He is not counsel of record in this court, and the parties' briefs do not paint a clear picture of his involvement in this case thus far.

*2 The Court wishes to stress, however, that this ruling should in no way be read as creating an open season on deposing opposing counsel. Such depositions will be appropriate in rather limited circumstances, and counsel should think carefully before noticing such a deposition. While the Court generally will not prohibit such depositions preemptively-absent, as the magistrate judge held, some showing that the impetus behind the deposition request is harassment-the Court will be vigilant in utilizing all available sanctions provisions if, in retrospect, it is apparent that the deponent had so little relevant, non-privileged information that the deposition was no more than a waste of everyone's time.

Not Reported in F.Supp.2d, 2003 WL 23009047 (S.D.Ind.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.                                                    Page 1
Not Reported in F.Supp., 1998 WL 341838 (E.D.La.)
**(Cite as: 1998 WL 341838 (E.D.La.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Louisiana.
John M. ROPER,
v.
EXXON CORP., et al.
**No. CIV. A. 97-1971.**

June 25, 1998.

WILKINSON, J.

*1 The following two motions are pending before me in the captioned matter, essentially an age discrimination claim brought by plaintiff, John Roper, against his former employer, defendant Exxon Corp., concerning his work as in-house counsel for Exxon: (1) plaintiff's motion for leave to file a second amended complaint, in which he seeks to assert an additional legal theory of recovery under 29 U.S.C. § 215(a)(3); and (2) Exxon's motion for a protective order, in which it seeks to quash plaintiff's notices of the depositions of two lawyers, both of whom have served as outside counsel for Exxon in Alabama. Timely opposition memoranda were filed as to each motion.

Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that (1) plaintiff's motion for leave to amend is GRANTED and (2) defendant's motion for a protective order is DENIED for the following reasons.

*(1) Plaintiff's Motion for Leave to Amend*

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is a substantial reason" to do so. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir.1981). Thus, leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), but "is by no means automatic." *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir.1993)

(quotation omitted). Relevant factors to consider include "undue delay, bad father of dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

In this case, the liberal policy of Rule 15 outweighs the Court's interest in maintaining the schedule of deadlines concerning amendments contained in its order pursuant to Rule 16. Balancing the factors set out above militates in favor of recovery in his previous amendment, the amendment is not futile, it arises from the same basic facts on which this case has been based since its inception, and I can discern no prejudice to defendants' ability to prepare their case for the trial presently scheduled for October 26, 1998, by permitting this amendment. If defendant finds that the amendment requires that it depose plaintiff or any other witness again, limited to the precise subject matter of the amendment, leave is herby granted pursuant to Fed.R.Civ.P. 30(a)(2)(B) to do so, and there is ample time for any additional discovery required by the amendment to be conducted. Accordingly, the motion to amend is granted.

*(2) Defendant's Motion for Protective Order*

In this motion, Exxon seeks an order quashing the depositions of Ben Harris and Andrew Wing, III, two attorneys in private practice in Alabama who have performed substantial work with plaintiff in their joint capacity as counsel for Exxon over the years. Exxon argues that subjecting these attorneys to deposition "risks the disclosure of privileged information," in light of the putative deponents' work as counsel for Exxon. Defendant also asserts that their testimony is irrelevant since they had nothing to do with Exxon's internal evaluation of Roper's job performance or any employment action taken by Exxon concerning Roper.

*2 Exxon is correct in arguing that depositions of lawyers pose special problems in terms of protection of the attorney-client privilege. However, because the privilege is limited and does not apply to all information a lawyer possesses, such problems are not insurmountable and can be addressed by vigilance during the depositions and procedures provided in Fed.R.Civ.P. 30(d). They do not require

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                          Page 2
Not Reported in F.Supp., 1998 WL 341838 (E.D.La.)
**(Cite as: 1998 WL 341838 (E.D.La.))**

a blanket order that the deposition notices be quashed in their entirety.

  The Louisiana Code of Evidence defines the attorney-client privilege as follows:

  A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, ... when the communication is: (1) Between the client or a representative of the client and the client's lawyer or a representative of the lawyer....

La.Code Evid. art 506(B). A communication is "confidential" if it is *not* intended to be disclosed except "in furtherance of obtaining or rendering professional legal services for the client." *Id.* art 506(A)(5). Thus, it is well established that the attorney-client privilege "only protects disclosure of *communications* [for the particular purpose of providing or obtaining legal services]; it does not protect disclosure of the underlying facts by those who communicated with the attorney" or of other facts that do not involved communications between lawyer and client for purposes of obtaining or providing legal advice. *Upjohn Co., v. United States, 449 U.S. 383, 395 (1981).*

  In this case, plaintiff seeks the testimony of these two attorneys principally "as to their observations of his job performance." record Doc. No. 50, Memorandum in Opposition at p. 4. This information is relevant to plaintiff's burden of proving that the allegedly legitimate non-discriminatory reasons advanced by Exxon for its job actions concerning plaintiff were pretextual, and deposition questions concerning such matters appear reasonably calculated to lead to the discovery of admissible evidence without requiring the disclosure of privileged communications. Defendant has in no way waived its right to assert the attorney-client privilege in connection with the proposed depositions. If at any time during the examination of the witnesses it appears that a question calls for the disclosure of privileged communications or attorney work product, defendant is free to employ the procedure authorized by Fed.R.Civ.P. 30(d)(1) and (3) to protect such privileged information. However, some observations and other facts known by these witnesses that are relevant to the subject matter of this action, including the particular burden imposed on plaintiff in this case, will not be privileged, and the depositions may proceed as to those non-privileged matters. Accordingly, the motion for a protective order is denied.

 Not Reported in F.Supp., 1998 WL 341838 (E.D.La.)

  **Motions, Pleadings and Filings (Back to top)**

• 2:97cv01971 (Docket) (Jun. 24, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 234400 (D.Minn.)
**(Cite as: 2004 WL 234400 (D.Minn.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.
Thomas SCHAFFHAUSEN, Plaintiff,
v.
BANK OF AMERICA; Experian Information
Solutions; CSC Credit Services, Inc.; and
Equifax, Inc. d/b/a Equifax Information Services,
Inc., Defendants.
**No. Civ. 03-3492JRTFLN.**

Feb. 2, 2004.
Thomas J. Lyons, Jr., Little Canada, MN, for
plaintiff.

Emily L. Fitzgerald, Dorsey & Whitney,
Minneapolis, MN, for defendant Bank of America.

ORDER

TUNHEIM, J.

*1 Counsel for plaintiff appeals United States
Magistrate Judge Franklin L. Noel's Order dated
August 27, 2003, in which he was ordered to
reimburse defendant, Bank of America, for the
reasonable costs and fees it incurred in making its
Motion for an Enlargement of Time to Answer,
Move, or Respond. For the reasons discussed below,
the August 27, 2003, Order is affirmed.

BACKGROUND

Plaintiff served the Complaint in this matter on June
26, 2003. Local counsel for Bank of America, an out-
of-state corporation, received the papers on July 9,
2003. Bank of America's local counsel attempted to
secure an agreement to extend the time to answer, as
contemplated by Fed.R.Civ.P. 6(b). Counsel for
plaintiff would not agree to the extension unless
Bank of America agreed to stop reporting to the
various credit bureaus credit information-essentially,
the relief plaintiff seeks in the underlying dispute.
Bank of America's local counsel was then forced to
file a Motion for an Enlargement of Time to Answer,
Move, or Respond. Plaintiff did not respond to

defendant's motion. The Magistrate Judge's staff was
then required to contact counsel for plaintiff to
inquire if the Motion for an Enlargement of Time was
opposed. Plaintiff's counsel represented that plaintiff
did not plan to file any opposition papers, but
nonetheless did not want the Court to grant the
motion.

The Magistrate Judge then scheduled a hearing on
the Motion for an Enlargement of Time. Shortly
before the hearing, counsel for plaintiff agreed to the
extension, and the parties notified the Court that the
hearing would not be necessary. The Magistrate
Judge *sua sponte* ordered plaintiff to show cause as
to why he should not have to pay Bank of America's
costs and fees in bringing the motion. Counsel for
plaintiff responded to the show cause order. Without
a hearing, the Magistrate Judge rejected counsel's
arguments, and ordered plaintiff to pay Bank of
America's costs and fees. The Magistrate Judge
concluded that if plaintiff had a legitimate reason to
oppose the motion, plaintiff's counsel should have
filed a timely response. No such response was filed,
therefore the Magistrate Judge determined that
plaintiff had no reason to oppose the motion. Plaintiff
then filed this appeal of the imposition of sanctions.
[FN1] The Magistrate Judge also ordered counsel for
Bank of America to file an affidavit of costs and fees.
Defense counsel filed an affidavit of costs and fees,
totaling $985.70.

> FN1. Other than filing an affidavit outlining
> its costs and attorney fees associated with
> bringing its motion, Bank of America has
> not taken a position regarding the imposition
> of sanctions in this matter.

ANALYSIS

Section 1927 of Title 28 of the United States Code
provides for the imposition of costs and attorney's
fees against an attorney who "so multiplies the
proceedings in any case unreasonably and
vexatiously." 28 U.S.C. § 1927; *see also
VanDanacker v. Main Motor Sales Co.,* 109
F.Supp.2d 1045, 1046 (D.Minn.2000). Courts are
also authorized to impose sanctions, including awards
of attorney fees, pursuant to the court's inherent
authority to punish "conduct which abuses the
judicial process." [FN2] *VanDanacker,* 109
F.Supp.2d at 1046 (citing *Chambers v. NASCO, Inc.,*
501 U.S. 32, 44-45 (1991)). Where the court

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

sanctions attorney conduct under its inherent power, the offensive conduct must "constitute[ ] or [be] tantamount to bad faith." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Whether an explicit finding of "bad faith" is required for the imposition of sanctions under § 1927, however, is not clear. *See NAACP v. Atkins*, 908 F.2d 336, 340 (8th Cir.1990) (noting that "the language of § 1927 appears to require both a finding of objectively unreasonable behavior and a finding of bad faith."); *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 n. 2 (8th Cir.1987) ( "We do not hold that § 1927 contains only an objective standard, as opposed to both an objective and subjective standard. The words of the statute require unreasonable *and* vexatious conduct. 28 U.S.C. § 1927. Whether this requires a finding of bad faith in addition to unreasonable conduct is a question that is not before us."), *see also VanDanacker*, 109 F.Supp.2d at 1046. However, the Eighth Circuit has announced that "[t]he standard under § 1927 and Rule 11 is whether the attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'' *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir.1990) (citations omitted).

> FN2. Federal Rule of Civil Procedure 11 also authorizes sanctions, but that Rule is not at issue in this matter.

**\*2** The Magistrate Judge in this case determined that counsel's conduct was unreasonable. This Court agrees. Plaintiff had no reasonable opposition to the request for an extension of time. If plaintiff had a legitimate opposition, plaintiff should have filed a timely response to the motion. The failure to do so created unnecessary work for the court's staff, and unnecessary expense for opposing counsel. *See KAPCO Mfg. v. C & O Enter.*, 886 F.2d 1485, 1491 (7th Cir.1989) (the purpose of section 1927 is "to ensure that those who create unnecessary costs also bear them"). Although the Magistrate Judge did not use the phrase "bad faith," it is clear from the Magistrate Judge's Order that the Magistrate Judge found counsel's behavior unreasonable and vexatious. This finding satisfies the plain language of the statute, and the imposition of sanctions in such a situation is not clearly erroneous or contrary to law. Although the Magistrate Judge did not hold a hearing, counsel for plaintiff was given an opportunity to show cause as to why sanctions should not be imposed. *See KAPCO Mfg.*, 886 F.2d at 1494-95 (noting that due process requirements of notice and an opportunity to be heard are applicable to a proceeding to impose sanctions, but that the right to a

hearing in such cases is limited to instances where a hearing could assist the court in its decision).

ORDER

Based on the foregoing, all the records, files, and proceedings herein, IT IS HEREBY ORDERED that the Order of the Magistrate Judge dated August 27, 2003 [Docket No. 23] is AFFIRMED.

IT IS FURTHER ORDERED that counsel for the plaintiff shall remit $985.70 to the Clerk of Court. The Clerk shall forward the sum to counsel for defendant Bank of America.

Not Reported in F.Supp.2d, 2004 WL 234400 (D.Minn.)

**Motions, Pleadings and Filings (Back to top)**

• 0:03cv03492 (Docket) (Jun. 23, 2003)

END OF DOCUMENT

Westlaw.

Slip Copy                                                                                    Page 1
Slip Copy, 2005 WL 1688071 (W.D.Mo.)
(Cite as: 2005 WL 1688071 (W.D.Mo.))

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Missouri, Western Division.
Stephen E. JONES and Doyle Clark, Plaintiffs,
v.
UNITED PARCEL SERVICE, INC., and Local 41 of
the International Brotherhood of
Teamsters, Defendants.
**No. 03-0284-CVW-GAF.**

July 19, 2005.

Linda Catherine McFee, Thomas R. Buchanan, McDowell, Rice, Smith & Gaar, Kansas City, MO, for Plaintiffs.

Daniel K. O'Toole, Jennifer Arendes, Jill Allison Morris, Armstrong Teasdale LLP, Kansas City, MO, G. Gordon Atcheson, Blake & Uhlig, P.A., Kansas City, KS, for Defendants.

*ORDER*

FENNER, J.

*1 Presently before this Court are motions (Docs. 513 and 523) for reimbursement of attorneys' fees from Thomas R. Buchanan, counsel for Plaintiffs, pursuant to 28 U.S.C. § 1927 submitted by Defendant United Parcel Service, Inc. ("UPS") and Local 41 of the International Brotherhood of Teamsters ("Local 41")(collectively as "Defendants"). Defendants claim that they were required to incur excess attorneys' fees in the course of responding to Plaintiffs' Memoranda in Opposition to Defendants' Motions for Summary Judgment (Doc. 373). Mr. Buchanan has opposed this motion. This Court, on its own motion, has already found Document 373 to be violative of Rule 11 of the Federal Rules of Civil Procedure and sanctioned Mr. Buchanan accordingly. For the following reasons, Defendants' motions for attorneys' fees are GRANTED.

Section 1927 of Title 28 provides that an attorney who "multiplies the proceedings in any case

unreasonably and vexatiously" may be sanctioned by being "required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Eighth Circuit courts interpreting 28 U.S.C. § 1927 have held that sanctions thereunder may be imposed "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. First Lenders Insurance Services, Inc.,* 236 F.2d 443 (8th Cir.2001) *quoting Lee v. L.B. Sales, Inc.,* 177 F.3d 714, 719 (8th Cir.1999). "If the attorney conducts the litigation in such a manner that unnecessarily and vexatiously escalates costs, sanctions may be imposed under section 1927." *Lupo v. Rowland and Co.,* 857 F.2d 482, 486 (8th Cir.1988).

Mr. Buchanan contends that the Defendants have not met the standard required for Section 1927 sanctions, which he asserts contains both objective and subjective components. This Court disagrees. While, in this jurisdiction, the question of whether Section 1927 contains only an objective component arguably remains an open issue, the standard for sanctions under Section 1927 has long been articulated as "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *First Lenders,* 236 F.2d at 445. Based upon the iniquities present in Document 373 as detailed in the order on summary judgment, the order to show cause, and the order imposing Rule 11 sanctions (Docs. 506, 508, and 534), this Court can only conclude that Mr. Buchanan's conduct is sanctionable pursuant to Section 1927 under both the objective standard that has been articulated by the Eighth Circuit and the more stringent subjective standard which Mr. Buchanan now urges the Court to apply.

First, this Court finds that the conduct exhibited in Document 373 clearly satisfies the objective standard set forth by the Eighth Circuit. In its various orders detailing the shortcomings of Document 373, this Court commented in detail concerning not only the oppressive size of the suggestions, which spanned a monumental 480 pages, but also recounted the general untrustworthy nature of the document. (Docs. 506, 508, and 534). Additionally, certain portions were set forth in a manner which this Court found to be completely inconsistent with and violative of the Local Rules and the Federal Rules of Civil

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 1688071 (W.D.Mo.)
(Cite as: 2005 WL 1688071 (W.D.Mo.))

Procedure. (Doc. 506). Mr. Buchanan's conduct with regard to Document 373, at the very least, constitutes a reckless disregard for his duty to conduct himself in a manner that promotes the just, speedy, and inexpensive determination of the case at issue. Further, as set forth in the order imposing sanctions under Rule 11, certain portions of Document 373 were, in the opinion of this Court, fashioned intentionally to delay the proceedings and, by their sheer size and mendacious nature, to inhibit meaningful response by opposing counsel. As such, this Court concludes that Mr. Buchanan's conduct satisfies the objective requirement of Section 1927.

*2 Second, this Court remains unconvinced of Mr. Buchanan's contention that the Section 1927 standard in this jurisdiction contains a subjective requirement. By his own admission, the case law regarding this issue in the Eighth Circuit is unclear. See Doc. 525, (citing Schaffhausen v. Bank of America, 2004 WL 234400, *1 (D.Minn. Feb.2, 2004)). This jurisdiction has indicated that the language of Section 1927 "appears to require both a finding of objectively unreasonable behavior and a finding of bad faith." NAACP v. Atkins, 908 F.2d 336, 340 (8th Cir.1990). Beyond this cursory notation, however, the Eighth Circuit has forgone explicitly holding such sanctions to require a finding of subjective bad faith. Indeed, in subsequent decisions regarding the standard for the imposition of Section 1927 sanctions, the Eighth Circuit has always articulated the standard as requiring the attorney's conduct be "viewed objectively" in order to determine whether it manifests "either intentional or reckless disregard of the attorney's duties to the court." Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir.1990); First Lenders, 236 F.2d at 445; L.B. Sales, Inc., 177 F.3d at 718. As stated above, Mr. Buchanan's behavior was a sound display of reckless behavior with regard to the Local Rules and the Federal Rules of Civil Procedure. Furthermore, it is the opinion of this Court that Mr. Buchanan's intent in opposing summary judgment with Document 373 was not to defend the case on the merits, but to survive summary judgment by inundating the parties and the Court with pages upon pages of information that was largely irrelevant and inadmissible.

Notwithstanding Mr. Buchanan's contentions, this Court can only conclude based on its earlier findings that the conduct exhibited in this case would easily satisfy a subjective, bad-faith component if Section 1927 were to require such a finding. As detailed in the order imposing sanctions under Rule 11 as well as the order on summary judgement with regard to

Plaintiff Clark's claims, this Court has found that portions of this document "were created for the sole purpose of causing unnecessary delay and a needless increase in the cost of litigation." (Docs. 506 at p. 6 and 534 at p. 5). Accordingly, this Court finds that those very same portions of Document 373 unreasonably and vexatiously multiplied the proceedings in this case in violation of Section 1927.

With regard to the amount of fees recoverable pursuant to Section 1927, the Court has discretion in isolating the expenses reasonably incurred by the parties as a result of the improper conduct. Tenkku v. Normandy Bank, 348 F.3d 737, 744 (8th Cir.2003). Moreover, this is not an exercise that requires great precision. Id. Again, the award of attorneys' fees under Section 1927 is within the discretion of the Court. First Lenders, 236 F.3d at 445.

In its motion, UPS contends that it incurred $190,092.00 in fees in responding to Document 373. That amount is derived from the 1,043 hours billed by its attorneys multiplied by the various rates of the attorneys that worked on the response, which range from $150.00 to $285.00 per hour. UPS contends that one fourth of that total amount is attributable to the objectionable and inappropriate portions of Plaintiffs' briefing and requests that a total of $47,523.00 in attorneys' fees be reimbursed. In contrast to the team of attorneys employed by UPS, Local 41 employed the services of only one attorney, G. Gordon Atcheson, in preparing its response to Document 373. According to Local 41, Mr. Atcheson spent a total of 173 hours on the response at an hourly rate of $140 per hour. Thus, the total amount billed to Local 41 for the response to Document 373 was $24,220.00. Of that amount, Local 41 estimates that 65 percent of the legal fees can be attributed to Mr. Buchanan's improper conduct and asks that fees be reimbursed in an amount of $15,400.00.

*3 While UPS and Local 41 should receive some compensation for having to respond to portions of a filing that have been deemed to be improper and unreasonable, the Court finds that the amount requested does not reflect a true assessment of the costs incurred due to Mr. Buchanan's inappropriate conduct. For instance, UPS has included in its submission for reimbursement of attorneys' fees the time that it was billed for the preparation of seven motions to strike improper declarations submitted with Plaintiffs' opposition to summary judgment. (Exhibit A to Doc. 524 at ¶ 11). While no doubt engendered by the filing of Document 373, this Court considers these motions to strike to be outside the

Slip Copy, 2005 WL 1688071 (W.D.Mo.)
**(Cite as: 2005 WL 1688071 (W.D.Mo.))**

scope of fees which <u>Section 1927</u> contemplates as reasonably incurred. Additionally, while Local 41's estimate is more in line with what this Court would conclude to be fees reasonably incurred due to the impropriety of Document 373, it is the opinion of this Court that the percentage tendered by Local 41(65%) is excessive. As a result, in its discretion, this Court finds that the amount of $10,000.00 per defendant, which is roughly 41% of the $24,220.00 that Local 41 has represented that it incurred and which this Court considers to be a more sensible estimate of fees reasonably incurred by the Defendants due to Mr. Buchanan's improper conduct with regard to Document 373.

Having concluded that Mr. Buchanan unreasonably and vexatiously multiplied these proceedings by filing Document 373 in the manner in which it was filed, this Court finds that he is subject to sanctions requiring him to reimburse excess costs, expenses, and attorneys' fees to the Defendants pursuant to <u>28 U.S.C. § 1927</u>. Accordingly, based upon a review the arguments submitted by the parties on this matter as well as this Court's familiarity with the document that is the subject of these sanctions it is hereby ORDERED that Thomas R. Buchanan reimburse UPS and Local 41 the amount of $10,000.00 each for reasonable attorneys' fees incurred due to the vexatious, unreasonable, and improper filing of Document 373.

IT IS SO ORDERED.

Slip Copy, 2005 WL 1688071 (W.D.Mo.)

**Motions, Pleadings and Filings <u>(Back to top)</u>**

• <u>2004 WL 2633251</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion for Sanctions Against Defendant UPS and Memorandum in Support (Sep. 14, 2004)

• <u>2004 WL 2633249</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Shorten Time for Defendants to Answer Third Request for Production of Documents and Memorandum in Support (Jul. 23, 2004)

• <u>2004 WL 2633248</u> (Trial Motion, Memorandum and Affidavit) United Parcel Service Inc.'s Reply Memorandum in Support of Its Motion to Strike Plaintiffs' Supplemental Disclosures (Jul. 19, 2004)

• <u>2004 WL 2633247</u> (Trial Motion, Memorandum and Affidavit) United Parcel Service Inc.'s Reply

Memorandum in Support of Its Motion to Amend Scheduling Order (Jun. 10, 2004)

• <u>2004 WL 2633246</u> (Trial Motion, Memorandum and Affidavit) United Parcel Service Inc.'s Reply Memorandum in Support of Its Motion to Strike Plaintiffs' Surreply (May. 27, 2004)

• <u>2004 WL 2633245</u> (Trial Motion, Memorandum and Affidavit) Defendant United Parcel Service, Inc.'s Motion to Strike Plaintiffs' Surreply in Opposition to UPS' Motion for Partial Summary Judgment and Deny Renewed Rule 56(f) Motion to Stay Summary Judgment and Memorandum in Support (May. 06, 2004)

• <u>2004 WL 2633243</u> (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Defendant United Parcel Services, Inc.'s Motion for Partial Summary Judgment (Apr. 21, 2004)

• <u>2004 WL 2633242</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Brief in Support of Motion for Refusal or Continuance of Defendant UPS' Partial Motion for Summary Judgment (Jan. 06, 2004)

• <u>2003 WL 23879532</u> (Trial Motion, Memorandum and Affidavit) Motion for Refusal or Continuance of Defendant UPS' Partial Motion for Summary Judgment and Memorandum in Support (Dec. 12, 2003)

• <u>2003 WL 23879528</u> (Trial Pleading) Defendant United Parcel Service, Inc.'s Answer to Plaintiffs' First Amended Complaint (Aug. 08, 2003)

• <u>2003 WL 23879523</u> (Trial Pleading) Answer of Defendant Local 41 to Plaintiffs' First Amended Complaint (Aug. 05, 2003)

• <u>2003 WL 23879513</u> (Trial Pleading) Defendant United Parcel Service, Inc.'s Answer to Plaintiffs' Complaint (May. 30, 2003)

• <u>2003 WL 23879508</u> (Trial Pleading) Answer of Defendant Local 41 (Apr. 22, 2003)

END OF DOCUMENT